# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| AVERY JAMES COX #506268, | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 3:19-cv-01047 |
| BETH GENTRY, et al., | ) | JUDGE CAMPBELL |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a pre-trial detainee in the custody of the Davidson County Sheriff's Office, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In lieu of the $400 filing fee, Plaintiff filed an application to proceed in forma pauperis (IFP), supported by a certificate of trust account activity. (Doc. Nos. 3–5.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.   APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application (Doc. Nos. 3, 4) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently

incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Davidson County Sheriff to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE AMENDED COMPLAINT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and

"held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff alleges that he was denied his right to appeal the outcome of an institutional disciplinary hearing on October 24, 2019, when Defendant Tim Hindsley, a disciplinary hearing officer, failed to deliver an appeal slip to Plaintiff with his disposition report. (Doc. No. 1 at 5.) He also alleges that Defendant Beth Gentry, the jail classification manager, is "mentally abus[ing]" him by "threatening" to put him in general population, where he has told her he does not "feel comfortable," and in the meantime keeping him "on house alone/rec alone" where he does not interact with anyone else. (*Id.*) Plaintiff says that he does not "feel comfortable being around more than a few people." (*Id.*) Plaintiff alleges that the conditions of his confinement are causing mental and psychological problems for which he is taking medication. (*Id.*) He seeks $100,000 in damages for violation of his right to due process and $100,000 for "mental and psychological damages." (*Id.*)

As a pre-trial detainee rather than a convicted prisoner, Plaintiff has a Fourteenth Amendment right not to "be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *cf. Sandin v. Conner*, 515 U.S. 472,

484 (1995) (holding that convicted inmates' due process rights are limited to the right to be free from conditions that either "exceed[ ] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force," or "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").[1] Accordingly, the punitive segregation of a pre-trial detainee without due process is sufficient to state a claim that will survive initial screening. *Evans v. Bonner*, No. 18-2726-JDT-CGC, 2019 WL 5269103, at *5 (W.D. Tenn. Oct. 17, 2019) (holding that pre-trial detainee's continued detention in administrative segregation in the absence of disciplinary charges is sufficient to state a claim).

But even where some process is required, an inmate is only entitled "to those minimum procedures appropriate under the circumstances and required by the Due Process Clause." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. An inmate's due process rights in connection with a disciplinary hearing are satisfied, therefore, when he receives: "1) written notice of the hearing at least 24 hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Blevins v. Lamanna*, 23 F.

---

[1] The Court notes there may be some lack of clarity in the case law about whether *Sandin*'s more restrictive analysis governs even suits brought by pretrial detainees. *See Cornett v. Webb*, No. CIV.A. 02-400, 2004 WL 3437504, at *5 (E.D. Ky. May 13, 2004) (acknowledging issue and collecting cases). The Court observes, however, that *Sandin* affirmatively distinguished its reasoning from that of cases addressing the rights of detainees, *Sandin*, 515 U.S. at 484 ("*Bell* dealt with the interests of pretrial detainees and not convicted prisoners."), and that the Supreme Court has reaffirmed that, in at least some cases, pretrial detainees do have a lower burden than convicted inmates to establish violation of their constitutional rights. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015) (holding that detainees have a lower burden in excessive force cases). Further examination of this issue is not necessary in this case, because Plaintiff's allegations fail under either standard.

App'x 216, 217 (6th Cir. 2001) (citing *Wolff*, 418 U.S. at 563–67); *Tate v. Quintana*, No. 18-6179, 2019 WL 5866596, at *1 (6th Cir. May 22, 2019) ("The Supreme Court has determined that inmates are entitled to notice of the charges, an opportunity to present evidence, and a written decision explaining the finding of guilt.").

Plaintiff acknowledges that he had a hearing and that he was provided with a copy of the written disposition. He complains only that he was deprived of the right to appeal that disposition, but "a right to appeal disciplinary convictions is not within the narrow set of due process rights enunciated by *Wolff*." *Chance v. Compton*, 873 F. Supp. 82, 86 (W.D. Tenn. 1994); *Roundtree v. Dunlap*, No. 3:18CV1198, 2019 WL 3252912, at *6 (N.D. Ohio July 19, 2019) ("But a prisoner has no due process right to appeal a disciplinary conviction."). Accordingly, Plaintiff fails to state a claim for violation of his constitutional rights with regard to his disciplinary appeal.

To the extent Plaintiff claims that the conditions of his confinement are unconstitutional for reasons independent of the procedures used to place him there, the Fourteenth Amendment provides him the same right to be free from cruel and unusual punishment that the Eighth Amendment guarantees to convicted prisoners. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."). The Constitution thus protects all inmates against conditions of confinement that constitute serious health or safety threats, but not against those that cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). While jail conditions may be "restrictive and even harsh," they do not violate the

5

Constitution unless they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Constitution. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). For challenged jail conditions to qualify as extreme, they must have resulted in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

Plaintiff complains that his current placement deprives him of "interaction with anyone." But he does not allege that he has been subjected to those conditions for an excessive period of time or that there is anything else about his confinement that constitutes an extreme deprivation. "Mere placement of the plaintiff in severe solitary confinement conditions with '[i]nactivity, lack of companionship and a low level of intellectual stimulation' for thirty days is not cruel and unusual punishment." *Outlaw v. City of Cahokia*, No. 16-CV-456-JPG-SCW, 2017 WL 1491836, at *4 (S.D. Ill. Apr. 26, 2017) (citing *Bono v. Saxbe*, 620 F.2d 609, 613-14 (7th Cir. 1980)). Moreover, the complaint establishes that Plaintiff himself opposes his placement in the general population, where he does not "feel comfortable." The Constitution does not entitle Plaintiff to dictate the conditions of his confinement to suit his personal comfort level.

And finally, the complaint might be read to include a claim arising from Plaintiff's need for psychological treatment. He alleges that his mental health "is becoming a problem," including anxiety, depression, and delusions. (Doc. No. 1 at 5.) Deliberate indifference to an inmate's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the

Eighth Amendment rights of convicted prisoners and Fourteenth Amendment rights of pretrial detainees. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). But Plaintiff acknowledges that he is receiving medication for his condition and does not allege that anyone has known of and disregarded a serious need for different or additional treatment. Accordingly, he fails to state any claim for deliberate indifference to his serious medical needs.

### III. CONCLUSION

For the reasons explained above, Plaintiff's claim is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B). This is the final Order denying all relief in this case. Accordingly, the Clerk is **DIRECTED** to enter judgment. *See* Fed. R. Civ. P. 58(b).

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE